CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7224
Facsimile: (415) 436-6748
jevechius.bernardoni@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| U.S. RIGHT TO KNOW,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>        Defendant. | Case No. 3:26-cv-01500-SK<br><br>**DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**ANSWER**

Defendant National Institutes of Health ("NIH" or "Defendant"), by and through the undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint ("Complaint") as follows.

**DEFENDANT'S RESPONSES TO THE NUMBERED PARAGRAPHS**

Defendant responds below to the separately numbered paragraphs and demand for relief contained in the Complaint.[1]  To the extent any allegation is not explicitly admitted herein, it is denied.  Moreover,

---

[1] The headings and numbered paragraphs of this Answer correspond to the headings and numbered paragraphs of the Complaint.  Defendant does not waive any defensive theory or agree to or admit that Plaintiff's headings are accurate, appropriate, or substantiated.  To the extent Plaintiff's headings could

to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this or any other action, (3) admissible in this or any other action, or (4) substantively accurate.

\* \* \* \* \*

**INTRODUCTION**

1.      This paragraph consists of Plaintiff's characterization of this action, to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under FOIA and denies the remaining allegations of this paragraph.

2.      This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

3.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 3, and on that basis denies them.

4.      This paragraph consists of Plaintiff's characterization of this action and requests for relief, to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to any relief.

**JURISDICTION AND VENUE**

5.      The first two sentences of this paragraph consist of legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA.  The remainder of this paragraph consists of Plaintiff's characterization of itself, to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of this paragraph, and on that basis denies them.

6.      This paragraph consists of legal conclusions regarding jurisdiction, to which no response be construed to contain factual allegations, those allegations are denied.

DEFENDANT'S ANSWER
3:26-cv-01500-SK                                           2

is required. To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA.

## INTRADISTRICT ASSIGNMENT

7.    This paragraph consists of Plaintiff's legal conclusions regarding intradistrict assignment, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited provision and denies all allegations inconsistent therewith. With respect to the remaining allegations of this paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

8.    This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

9.    Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph, and on that basis denies them.

10.    This paragraph consists of Plaintiff's legal conclusions regarding intradistrict assignment, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited provision and denies all allegations inconsistent therewith.

## PARTIES

11.    Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph, and on that basis denies them.

12.    Defendant admits that NIH is an executive branch agency.

13.    Defendant admits that it qualifies as an "agency" under the FOIA, that it is subject to the FOIA, and that it has possession and control over some records sought by Plaintiff. Except as expressly admitted, Defendant denies the allegations in this paragraph.

## LEGAL FRAMEWORK

14.    This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

15.    This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for

itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

16. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

17. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

18. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

19. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

20. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

21. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

22. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

23. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

24. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant

respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

25. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

26. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

27. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

28. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

29. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

30. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

31. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

32. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

33. This paragraph consists of Plaintiff's characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents. To the extent any response is required, Defendant respectfully refers the Court to the FOIA and denies all allegations inconsistent therewith.

## STATEMENT OF OPERATIVE FACTS

34.     Defendant admits that Plaintiff submitted a FOIA request to NIH via e-mail but denies that the FOIA request was submitted on June 6, 2023.  Defendant avers that the FOIA request was submitted on July 6, 2023.  The remainder of the allegations in this paragraph consist of Plaintiff's characterization of the FOIA request, which speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies all allegations inconsistent therewith.

35.     This paragraph consists of Plaintiff's characterization of the FOIA request, to which no response is required.  The FOIA request speaks for itself and is the best evidence of its contents.  All allegations concerning the contents inconsistent therewith are denied.

36.     This paragraph consists of Plaintiff's characterization of the FOIA request, to which no response is required.  The FOIA request speaks for itself and is the best evidence of its contents.  All allegations concerning the contents inconsistent therewith are denied.

37.     This paragraph consists of Plaintiff's characterization of the FOIA request, to which no response is required.  The FOIA request speaks for itself and is the best evidence of its contents.  All allegations concerning the contents inconsistent therewith are denied.

38.     Defendant admits that Plaintiff's FOIA request was assigned FOIA case number 60374 and avers that the case number was assigned by NIH.

39.     Admitted.

40.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

41.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations in this paragraph, and on that basis denies them.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

46. Defendant admits that Plaintiff was sent an acknowledgment letter on August 10, 2023. Defendant denies that the acknowledgment letter was sent from HHS and denies that the letter stated that HHS had received the request. Defendant avers that the acknowledgment letter was sent from NIH and stated that NIH received the request on July 6, 2023. The remainder of this paragraph consists of Plaintiff's characterization of the acknowledgment letter. The acknowledgment letter speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

47. The allegations contained in this paragraph consist of Plaintiff's description and characterization of correspondence dated July 26, 2024, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

48. The allegations contained in this paragraph consist of Plaintiff's description and characterization of correspondence dated August 1, 2024, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

49. Defendant denies that an email was sent on August 2, 2024 and avers that the email was sent on August 1, 2024. The remainder of the allegations contained in this paragraph consist of Plaintiff's description and characterization of correspondence dated August 1, 2024, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

50. The allegations contained in this paragraph consist of Plaintiff's description and characterization of correspondence dated November 14, 2024, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

51. The allegations contained in this paragraph consist of Plaintiff's description and characterization of correspondence dated December 13, 2024, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

52. Admitted.

53. The allegations contained in this paragraph consist of Plaintiff's description and

characterization of correspondence dated February 19, 2025, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

54. The allegations contained in this paragraph consist of Plaintiff's description and characterization of correspondence dated February 21, 2025, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

55. The allegations contained in this paragraph consist of Plaintiff's description and characterization of correspondence dated March 31, 2025, which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

56. The allegations contained in this paragraph consist of Plaintiff's description and characterization of correspondence dated March 31, 2025 which speaks for itself and is the best evidence of its contents. All allegations concerning its contents inconsistent therewith are denied.

57. The allegations contained in this paragraph consist of Plaintiff's description and characterization of correspondence dated April 9, 2025, which speaks for itself and is the best evidence of its contents. All allegations inconsistent therewith are denied.

58. The allegations contained in this paragraph consist of Plaintiff's description and characterization of correspondence dated April 22, 2025, which speaks for itself and is the best evidence of its contents. All allegations inconsistent therewith are denied.

59. The allegations contained in this paragraph consist of Plaintiff's description and characterization of correspondence dated June 6, 2025, which speaks for itself and is the best evidence of its contents. All allegations inconsistent therewith are denied.

60. Defendants admit that NIH did not respond to Plaintiff's counsel's email dated June 6, 2025.

61. Admitted.

62. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant admits only that it has not issued a final determination letter. Defendant denies the remaining allegations contained in this paragraph.

63. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

64. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

65. Defendant admits that it has not issued a final determination on Plaintiff's request for a fee waiver.

66. Defendant denies the allegations in this paragraph. Defendant avers that it has produced and continues to produce responsive records to Plaintiff in response to a separate FOIA request (NIH FOIA request #57707, 23-cv-2954). Defendant further avers that the remainder of responsive records in Defendant's possession are published to the NIH reading room on a rolling basis, consistent with Defendant's obligations under 5 U.S.C. § 552(a)(2)(D).

67. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

68. Denied.

## CAUSES OF ACTION
### COUNT I
**Violations of the Freedom of Information Act and HHS Regulations: Failure to Provide Timely Final Determination**

69. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

70. Defendant admits the allegations in the first sentence of this paragraph. The remainder of this paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in the remainder of this paragraph.

71. Defendant only admits that it has not issued a formal determination letter and denies the remaining allegations in this paragraph. Defendant avers that it has produced and continues to produce responsive records to Plaintiff in response to a separate FOIA request (NIH FOIA request # 57707, 23-cv-2954). Defendant further avers that the remainder of responsive records in Defendant's possession are published to the NIH reading room on a rolling basis, consistent with Defendant's obligations under 5 U.S.C. § 552(a)(2)(D).

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

73.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

74.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT II
### Violation of the Freedom of Information Act:
### Unlawful Withholding of Non-Exempt Public Records

75.    Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

76.    Defendant admits the allegations in the first sentence of this paragraph. The remainder of this paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in the remainder of this paragraph.

77.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

78.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

79.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

80.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

81.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

82.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT III
### Violation of the Freedom of Information Act:
### Failure to Provide Estimated Date of Completion

83.    Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

84.    Defendant admits the allegations in the first sentence of this paragraph. The remainder of

DEFENDANT'S ANSWER
3:26-cv-01500-SK                                    10

this paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in the remainder of this paragraph.

85.    Defendant denies the allegations in this paragraph. Defendant avers (1) that it has informed Plaintiff that it is producing responsive records in response to a separate FOIA request (NIH FOIA request # 57707, 23-cv-2954) and (2) that Plaintiff has been made aware of the deadline for completion. Defendant further avers that it has informed Plaintiff that the remainder of responsive records in Defendant's possession are published to the NIH reading room on a rolling basis, to be completed on or by approximately September 30, 2026.

86.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

87.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

### REQUEST FOR RELIEF

The allegations in paragraphs 1 through 6 following the "THEREFORE" clause consist of Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies each and every allegation not specifically and expressly admitted herein.

### AFFIRMATIVE DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production or release of information that is protected from disclosure by one or more statutory exemptions or exclusions. 5 U.S.C. § 552(b). Disclosure of such information is not required or permitted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to declaratory relief and/or any other relief beyond what is provided for

DEFENDANT'S ANSWER
3:26-cv-01500-SK                                11

under the FOIA.  5 U.S.C. § 552.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

### FOURTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

### FIFTH AFFIRMATIVE DEFENSE

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to lawful authority and exceptional circumstances exist that necessitated additional time for Defendant to complete its processing of the FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C).

### SIXTH AFFIRMATIVE DEFENSE

The Complaint raises claims that are or will become moot.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.      Plaintiff takes nothing by its Complaint;

2.      Defendant has judgment against Plaintiff;

3.      Defendant be awarded its costs of suit; and

4.      For such other and further relief as the Court may deem proper.


DATED:  April 2, 2026                                          Respectfully submitted,

                                                                            CRAIG H. MISSAKIAN
                                                                            United States Attorney

                                                                            */s/ Jevechius D. Bernardoni*
                                                                            JEVECHIUS D. BERNARDONI
                                                                            Assistant United States Attorney

                                                                            Attorneys for Defendants