Daniel C. Snyder (Oregon State Bar No. 105127)
*Pro hac vice*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 861-5251
Facsimile: (202) 232-7203
Email: dsnyder@publicjustice.net

Rachel S. Doughty (Cal. Bar No. 255904)
Lily A. Rivo (Cal Bar No. 242688)
Richard A. Brody (Cal Bar No. 100379)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: RDoughty@greenfirelaw.com
        LRivo@greenfirelaw.com
        RBrody@greenfirelaw.com
*Attorneys for Plaintiff US Right to Know*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| US RIGHT TO KNOW, a California Non-Profit Corporation | Case No.: 4:23-cv-2954-KAW |
|---|---|
| Plaintiff, | **DECLARATION OF DANIEL C. SNYDER IN OPPOSITION TO DEFENDANT NATIONAL INSTITUTES OF HEALTH'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| vs. | |
| NATIONAL INSTITUTES OF HEALTH, | |
| Defendant. | |

I, Daniel C. Snyder, declare:

1.      I am lead counsel in *USRTK v. NIH*, No. 4:23-cv-2954 (N.D. Cal., filed Aug. 8, 2023). I am admitted *pro hac vice* for this case and others on behalf of USRTK in the Northern District of California. For ease of reference for the Court, I will refer to this case as the "First Case," adopting the naming convention of NIH in its pending Administrative Motion to relate cases.

2.      I am not counsel of record for any party in the two other cases which are the subject of Defendant NIH's motion, namely *U.S. Right to Know v. NIH*, No. 4:25-cv-04490-ASK (N.D. Cal., filed May 28, 2025) ("Second Case"); and *U.S. Right to Know v. NIH*, No. 3:26-cv-01500-SK (N.D. Cal., filed Feb. 20, 2026) ("Third Case").

3.      The First Case was filed on June 15, 2023.  Dkt. 1. The First Case is an action under the Freedom of Information Act ("FOIA") to compel the production of documents in response to two separate FOIA requests by Plaintiff U.S. Right to Know ("USRTK"). Part I of Request One is a two-part request seeking documents from Dr. Michael Lauer, Jenny Greer and Philip Smith relating to the EcoHealth Alliance and the Wuhan Institute of Virology. Part II of Request One seeks documents from Dr. Stemmy to seven separate addressees. The date range for both parts of Request One is November 1, 2013, to January 1, 2018. Dkt. No. 1-2.

4.      Request Two of the First Case is a request for records of all email correspondence to or from Dr. David Morens and EcoHealth Alliance. The date range for Request Two of the First Case is January 1, 2016, to the present. Dkt. No. 1-3.

5.      On May 27, 2025, this Court entered its Order Setting Production Schedule, ordering that Defendant NIH make rolling monthly productions of all responsive and non-exempt portions of the approximately 43,000 pages of records received from Dr. David Morens, with production to be completed by May 20, 2026.  Dkt. No. 41.

6.      On April 13, 2026, in response to my inquiry via email, counsel for the NIH confirmed that the NIH is on schedule to complete production of the Court-ordered documents by May 20, 2026.

DECLARATION OF DANIEL C. SNYDER IN OPPOSITION TO DEFENDANT NATIONAL INSTITUTES OF HEALTH'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

7.      Upon the NIH's completion of all document production, the next steps in this case will include a conferral period whereby the parties will discuss contested exemptions and the adequacy of NIH's search for responsive records. *See* Dkt. No. 23 at 2:9-14. If that process is unsuccessful, USRTK will then move for summary judgment to challenge the lawfulness of certain redactions or omissions in documents produced by the NIH.  I anticipate that this motion practice could begin as soon as August 2026.

8.      I am lead counsel in the First Case for USRTK only. I have no knowledge of any of the issues in the Second Case or the Third Case, which involve separate FOIA requests.

9.      The First Case is in an advanced stage regarding the status of the NIH's document production and nearing completion. The negative consequences of deeming these three cases related include increased client costs and expenditure of time as well as unwarranted demands on my time and schedule. For example, any motion or argument by the NIH in the Second Case or the Third Case that contends that an issue has previously been determined by this Court may require me to review documents and brief those issues. I will also likely need to appear at any hearings for such motions to adequately address arguments previously made to this Court, or discussions between myself and counsel for the NIH that lead to any agreements or stipulations that may be alleged to be at issue in the Second Case or the Third Case. All such activities will likely necessitate the expenditure of significant attorney time.

By contrast, if the Court denies NIH's Motion, the NIH will presumably maintain the opportunity to set forth arguments in the Second Case and/or the Third Case that documents responsive to the FOIA requests in those cases have been previously produced, and can, where appropriate, cite to any rulings of this Court that the NIH believes may be persuasive to support its positions.

//

//

//

//

DECLARATION OF DANIEL C. SNYDER IN OPPOSITION TO DEFENDANT NATIONAL INSTITUTES OF HEALTH'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 17th day of April 2026 at White Bear Township, Minnesota.

/s/ Daniel C. Snyder
Daniel C. Snyder

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on April 17, 2026, from the Declarant for the filing of this declaration.

/s/ Richard A. Brody
Richard A. Brody

DECLARATION OF DANIEL C. SNYDER IN OPPOSITION TO DEFENDANT NATIONAL INSTITUTES OF HEALTH'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED